IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

ANGELA SPARROW, Individually )
and a Special Administrator of the )
Estate of BRANDON SPARROW, )
Deceased, )
)
    Plaintiff, )
)
v. )       NO. 12-3348
)
MID-AMERICA SPORT )
PARACHUTE CLUB, )
)
    Defendant. )

## OPINION

RICHARD MILLS, U.S. District Judge:

Angela Sparrow's husband, Brandon, was piloting an airplane when it crashed in Taylorville, Illinois, resulting in Brandon Sparrow's death.

Pending before the Court is a Motion to Approve Settlement of a Wrongful Death Action.

This Court, however, in closely examining the record before it, finds that it does not have jurisdiction.

For the reasons that follow, this case is Dismissed for lack of subject

matter jurisdiction.

I.

In this action, Angela Sparrow, Individually, and as Special Administrator for the Estate of Brandon Sparrow, Deceased, filed an Amended Complaint asserting wrongful death and other claims against a number of Defendants. She alleged the Court has jurisdiction over the subject matter based on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a).

On August 11, 2014, following the Plaintiff's motion to voluntarily dismiss, the Court Ordered that Defendants Barron Aviation LLC, John Michael Barron, Barron Aviation Private Flight Services, LLC and Rapid Descent, LLC, were dismissed without prejudice. Mid-America Sport Parachute Club is the sole remaining Defendant.

The Amended Complaint provides that, on or about August 11, 2012, the Plaintiff's Decedent, Brandon Sparrow, was a pilot operating a Hawker Beechcraft Corporation airplane, model number G18s airplane, registration number N697Q. He piloted the aircraft during a flight originating from

Taylorville Municipal Airport, within the City of Taylorville, County of Christian, State of Illinois.

The aircraft was leased to the Plaintiff's Decedent by Defendant Mid-America Sport Parachute Club, an entity that was in the business of leasing, operating, inspecting, and maintaining aircrafts. The Plaintiff alleges that on or about August 11, 2012, "the aircraft was caused to impact terrain" in Taylorville, Illinois, due to the condition of the aircraft.

The Plaintiff alleges that Mid-America Sport Parachute Club was negligent in several respects: (1) failing to ensure that the aircraft operated properly; (2) failing to ensure that the aircraft was properly maintained; (3) failing to properly inspect the aircraft; and/or (4) it was otherwise negligent.

The Plaintiff further alleges that due to one or more of these negligent acts and/or omissions, the Plaintiff's Decedent sustained injuries that resulted in his death. As a result the Decedent's surviving wife, Angela Sparrow, has incurred substantial pecuniary loss, including the loss of society, companionship, services, and support, and expenses for funeral and burial.

The Plaintiff brings this action under the Illinois Wrongful Death Act, 740 ILCS 180/1 and 2.

## II.

Upon reviewing the Amended Complaint and other filings--including a Motion to Dismiss for Lack of Subject Matter Jurisdiction–filed by the now-dismissed Defendants, the Court questioned whether it had jurisdiction over the subject matter. In an Order entered on August 12, 2014, the Court observed it had been alleged in the Amended Complaint that Defendant Mid-America Sport Parachute Club is an Illinois Corporation with its principal place of business in Illinois. The Court further directed the Plaintiff to file a Status Report identifying the citizenship of the Plaintiff. On August 20, 2014, the Plaintiff filed a Status Report, stating that Plaintiff would file a Petition to Settle by August 25, 2014, and would address the citizenship of the parties therein.

The federal diversity statute treats the legal representative of a decedent's estate as a citizen of the same state as the decedent. 28 U.S.C. § 1332(c)(2); see also Gustafson v. zumBunnen, 546 F.3d 398, 400 (7th

Cir. 2008).  In the Petition to Settle, the Plaintiff states, "Angela Sparrow is the wife of Brandon Sparrow and Special Administrator of the Estate of Brandon Sparrow.  Angela Sparrow is an Illinois resident and Brandon Sparrow was an Illinois resident at the time of his death."  See Doc. No. 39, at 1.  Although "[a]n allegation of residence is not sufficient to establish citizenship, which requires domicile," see Winforge, Inc. v. Coachmen Industries, Inc., 691 F.3d 856, 867 (7th Cir. 2012), in the absence of any allegation to the contrary, the Court will assume the Plaintiff's State of citizenship is the same as the Plaintiff's State of residency.

In the Petition to Settle, the Plaintiff states, "The Court has previously been apprised of the issue concerning the residency of the Plaintiff and Defendant Mid-America Sport Parachute Club."  In support of that statement, the Plaintiff cites the Amended Complaint which identified the Defendant as an Illinois corporation.

Accordingly, the Plaintiff and the Defendant are citizens of the same state.  Ergo, because the parties are not citizens of different states, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a).  The

Plaintiff has not identified any other potential basis of subject matter jurisdiction. The Court cannot simply look the other way, as it appears the Plaintiff is requesting. "[S]ubject matter jurisdiction is a fundamental limitation on the power of a federal court to act." Del Vecchio v. Conseco, Inc., 230 F.3d 974, 980 (7th Cir. 2000). Once it appears that subject matter jurisdiction is lacking, the case must be dismissed for want of subject matter jurisdiction. See id.

A federal court has a continuing duty to monitor its jurisdiction and thus has an "obligation to raise and correct jurisdictional matters sua sponte." United States v. Tribal Development Corp., 49 F.3d 1208, 1216 (7th Cir. 1995). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III.

The Court cannot approve a settlement if it is without jurisdiction to hear the case. Because it is apparent that the Court lacks jurisdiction over the subject matter, this case will be dismissed.

*Ergo*, this case is DISMISSED for lack of subject matter jurisdiction.

The Plaintiff's Motion for Settlement [d/e 39] is DISMISSED as Moot.

The Plaintiff's Motion for Order [d/e 40] is DISMISSED as Moot.

ENTER: September 5, 2014

FOR THE COURT:

s/Richard Mills
Richard Mills
United States District Judge